# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>RAYMOND FERECI,<br><br>**Defendant** | CASE NO. 1:08-CR-414 AWI<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 34) |

On June 19, 2009, following the Court's acceptance of Defendant Raymond Fereci's guilty plea pursuant to a plea agreement, the Court sentenced Fereci to 78 months imprisonment and 120 months of supervised release. See Doc. No. 24. Fereci pled guilty to once count of 18 U.S.S. § 2252, possession of material involving the sexual exploitation of minors. Judgement was later amended to include restitution. See Doc. No. 32.

On February 11, 2021, Defendant Raymond Fereci filed a pro se motion for early termination of supervised release. See Doc. No. 34. The motion is a single page in length. See id. In the motion, Fereci explains that he has great remorse for his crime, has been compliant with supervised release for the last 7 years, and is 64 years old. See id.

*Legal Standard*

18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Those factors are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the

sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7).  It is the defendant's burden to demonstrate that early termination is warranted.  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); Emmett, 749 F.3d at 819.  In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering.  See Emmett, 749 F.3d at 820.  A district court must explain its decision to either grant or deny a motion for early termination of supervised release.  See id. at 820-21.

*Discussion*

After consideration, the Court finds that there is an insufficient basis for the Court to grant relief at this time.  The relevant factors of § 3553 are not sufficiently addressed in Fereci's single page motion, nor is there an indication that Fereci is facing an undue hardship.  While the Court would expect Fereci to be remorseful, and the Court commends him for apparently being compliant with his terms of supervised release for a period of 7 years, compliance is what expected.  See United States v. Lopez, 2019 U.S. Dist. LEXIS 194977, *2 (S.D. Cal. Nov. 7, 2019); United States v. Olson, 2018 U.S. Dist. LEXIS 161184, *3 (E.D. Cal. Sept. 20, 2018); United States v. Bouchareb, 76 F.Supp.3d 478, 480 (S.D. N.Y. 2014).  By itself, compliance is not a sufficient basis for early termination.  The Court requires additional information that demonstrates that Fereci does not pose a danger to the community and that early termination is warranted.  Therefore, the Court will deny Fereci's motion without prejudice to filing a second motion with additional information.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release (Doc. No. 34) is DENIED without prejudice to filing a second motion for early termination.

IT IS SO ORDERED.

Dated:   February 18, 2021                                   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                             SENIOR  DISTRICT  JUDGE